# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| MARK RICHARD STEWART and SANDRA SUE STEWART, | |
| Plaintiffs, | No. C05-103-LRR |
| vs. | **ORDER** |
| TOM SLOCKETT, CHRIS EDWARDS, PATRICK WHITE, R. JOHNSON, IRS, COMMISSIONER OF INTERNAL REVENUE, SECRETARY OF TREASURY, | |
| Defendants. | |

## *I. INTRODUCTION AND PROCEDURAL BACKGROUND*

The matter before the court is Defendants' Motion to Dismiss (docket no. 5). In such motion, Defendants ask the court to dismiss the lawsuit filed by Plaintiffs pursuant to Federal Rule of Civil Procedure 12(b)(1) because the Plaintiffs' Complaint fails to establish the existence of subject matter jurisdiction. Alternatively, assuming the court has subject matter jurisdiction over Plaintiffs' claims, Defendants contend venue is improper because the acts alleged occurred in Johnson County, which is located in the Southern District of Iowa. Finally, if the court has subject matter jurisdiction over Plaintiffs' claims and venue is proper in this court, Defendants move to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Complaint fails to state a claim upon which relief can be granted.

On June 23, 2005, Plaintiffs filed a Complaint alleging "Defendants IRS, Secretary of the Treasury and R. Johnson did unlawfully make a claim against the aggrieved parties and issued a Notice of Levy on Wages, Salary, and Other Income to the county auditor in

an attempt to steal from Mark-Richard: Stewart's property [funds] in the amount of $1,136.92." Plaintiffs further allege "Defendants[] Tom Slockett, Chris Edwards and Patrick White participated in the stealing of the $1,136.92." Plaintiffs contend "[b]ecause there is no law that requires anyone to file and pay a tax on wages, we hereby claim as part of our damages, every penny that we have ever paid to the IRS, Treasury Dept., and/or the Federal Reserve Bank over our entire lives." Plaintiffs seek damages in an amount of "$100,000 for each violation of our Common Law Rights, including, but not limited to, our Right to Life, Liberty and the Pursuit of Happiness. And, our Right to work and earn a living without government interference and without being harassed to pay taxes that we do not owe." Plaintiffs also seek damages in the amount of "$1,000,000 for the fraud and deceit perpetrated by the IRS, the Commissioner of Internal Revenue and the Secretary of the Treasury concerning the alleged income tax." Plaintiffs invoke this court's jurisdiction pursuant to 28 U.S.C. § 1333, alleging the action involves the court's admiralty jurisdiction.

On July 8, 2005, Plaintiff Sandra Sue Stewart filed a "Motion for Emergency Order to stop unlawful activities of the defendants" (docket no. 4) contending Defendants illegally levied her wages for the last consecutive three pay periods when she owed no income taxes to the IRS.

On July 13, 2005, Defendants filed the instant Motion to Dismiss. On July 29, 2005, Plaintiffs resisted Defendants' Motion to Dismiss. Finding the motion to be fully submitted, the court turns to address its merits.

## II. LEGAL ANALYSIS

Defendants move the court to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) because such Complaint fails to establish the existence of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the

Constitution. The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969).[1] Federal Rule of Civil Procedure 12(b)(1) governs challenges to subject matter jurisdiction. Rule 12(b)(1) provides that a party may raise the defense of "lack of jurisdiction over the subject matter" in a motion prior to answering the complaint filed in any action. The Eighth Circuit Court of Appeals articulated that a "court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack.'" *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

Where a party launches a "facial attack" on federal subject matter jurisdiction under Rule 12(b)(1), the court looks only to the face of the pleadings to determine whether federal subject matter jurisdiction exists and the non-moving party is entitled to the same "protections" as it would otherwise receive against a motion brought under Rule 12(b)(6). *Osborn,* 918 F.2d at 729 n.6 (citing *Menchaca*, 613 F.2d at 511; *Mortensen*, 549 F.2d at 891; *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). That is, "all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (citing *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 731-32 (11th Cir. 1982)).

When a party launches a "factual attack" on federal subject matter jurisdiction, "the

---

[1] The court is cognizant of the fact Plaintiffs appear pro se in this matter and their pleadings must therefore be liberally construed and held to a less stringent standard than a formal pleading drafted by a lawyer. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such a standard does not dispose of the requirement that Plaintiffs prove the jurisdictional elements.

court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." *Titus*, 4 F.3d at 593 (citing *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947)). In a factual attack, the non-moving party is not entitled to the benefit of the safeguards afforded such party under a motion to dismiss under Rule 12(b)(6). *Osborn*, 918 F.2d at 729 n.6 (citing *Mortensen*, 549 F.2d at 891). The proper course under these circumstances is for the defendant to request an evidentiary hearing on the issue of the court's jurisdiction at which, if necessary, witnesses may testify. *Id.* at 730 (citing *Crawford v. United States*, 796 F.2d 924, 928 (7th Cir. 1986)).

Here, neither party requested an evidentiary hearing. Therefore, the court will treat Defendants' challenge to federal subject matter jurisdiction under Rule 12(b)(1) as a "facial challenge," taking the jurisdictional allegations of Plaintiffs, the non-moving party, as true and determining whether Plaintiffs have pled the facts necessary to establish subject matter jurisdiction over their claims against Defendants. *Titus*, 4 F.3d at 593.

Plaintiffs invoke this court's subject matter jurisdiction pursuant to 28 U.S.C. § 1333. Pursuant to 28 U.S.C. § 1333, a district court has jurisdiction, to the exclusion of the States, over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled" and over "[a]ny prize brought into the United States and all proceedings for the condemnation of property taken as a prize." 28 U.S.C. § 1333. After reviewing Plaintiffs' Complaint, it is clear 28 U.S.C. § 1333 does not provide to the court any basis for jurisdiction in this case.

Even if the court assumed this case raises a federal question because it deals with the levying of wages to pay federal income taxes, the court would lack jurisdiction over the subject matter of the case due to the Anti-Injunction Act. The Anti-Injunction Act "prohibits federal courts from entertaining any action filed to restrain the assessment or collection of taxes." *O'Hagan v. United States*, 86 F.3d 776, 778 (8th Cir. 1996) (citing 26 U.S.C. § 7421(a)). "The primary purpose of the [Anti-Injunction] Act is to facilitate

the expeditious collection of taxes by the government." *Id.* (citing *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962)). While the Anti-Injunction Act contains several statutory exceptions, *see* 26 U.S.C. § 7421(a), and there exists a limited judicial exception set forth in *Enochs,* 370 U.S. at 7, Plaintiffs have not alleged any of these exceptions applies. Accordingly, because Plaintiffs seek in their Complaint to enjoin Defendants from collecting taxes, the court finds it is without subject matter jurisdiction over Plaintiffs' claims in this case.

Plaintiffs have failed to meet their burden of demonstrating the court has subject matter jurisdiction to decide this action. Therefore, Defendants' Motion to Dismiss is granted.[2] Plaintiffs' Complaint is dismissed without prejudice. *See County of Mille Lacs v. Benjamin*, 361 F.3d 460, 464 (8th Cir. 2004) ("A district court is generally barred from dismissing a case with prejudice if it concludes subject matter jurisdiction is absent.") (citing *Ahmed v. United States*, 147 F.3d 791, 797 (8th Cir. 1998) (other citations omitted)).

---

[2] Because the court lacks subject matter jurisdiction to hear the case, the court finds it lacks jurisdiction to decide the merits of Defendants' Motion to Dismiss as it relates to venue and Federal Rule of Civil Procedure 12(b)(6).

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**:

(1) Defendants' Motion to Dismiss (docket no. 5) is GRANTED.

(2) Plaintiffs' Complaint is DISMISSED without prejudice.

(3) The pending "Motion for Emergency Order to stop unlawful activities of the defendants" (docket no. 4) is DENIED as moot.

**SO ORDERED.**

**DATED** this 2nd day of August, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA